UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| KELVIN J. ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV410-208 |
| | ) |
| THE ISLAND DEF JAM MUSIC GROUP, | ) |
| A DIVISION OF UMG RECORDINGS, INC.,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant, The Island Def Jam Music Group, a Division of UMG Recordings, Inc. ("Def Jam"), moves to dismiss Kelvin Robbins' copyright infringement claim against it pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 14.) Rather than filing a formal response to Def Jam's motion, Robbins countered with a "Motion Not to Dismiss." (Doc. 29.) Plaintiff's response "motion" merely contains internet printouts from

---

[1] Plaintiff sued "Def Jam Records." (Doc. 1.) Defendant explains that it is actually named "The Island Def Jam Music Group, a division of UMG Recordings, Inc.," not "Def Jam Records." (Doc. 14 at 1.) The Court has corrected the caption accordingly. The Clerk is **DIRECTED** to correct the docket, and all future filings shall conform.

which, the Court assumes, he means to prove his case. (Docs. 20-1, 20-2, 20-3, & 20-4.) He has also submitted a companion filing titled "Brief in Support of Motion to Expedite," which is really another response to defendant's motion to dismiss.[2] (Doc. 24.) Nowhere, however, has Robbins shown the requisite elements for a copyright infringement claim. Accordingly, this case should be dismissed.

If a complaint fails to meet Fed. R. Civ. P. 8's pleading standards, it is subject to dismissal under Fed. R. Civ. P. 12(b)(6), and as explained by the Eleventh Circuit, the Rule 8 standard is not toothless:

> "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S. Ct. at 1965 (citation omitted). At the pleading stage, Federal Rule of Civil Procedure 8(a)(2) requires that "the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 557, 127 S. Ct. at 1966 (internal quotations omitted).

*Williams v. Brown*, 347 F. App'x 429, 434-35 (11th Cir. 2009) (unpublished); *Gadson v. Chatham County Sheriff Dep't*, 2009 WL

---

[2] The Clerk is **DIRECTED** to redocket Robbins's motion not to dismiss (doc. 20) and brief in support of motion to expedite (doc. 24) as responses to defendant's motion to dismiss.

1288866 at * 1 (S.D. Ga. May 8, 2009) (unpublished) (applying dismissal standards to *pro se* complaints and reminding that, while complaint language may be construed liberally, the same pleading rules apply to *pro se* litigants as represented litigants, and judges may not advocate for them). Hence, plaintiff must set forth a claim for relief that is factually supported as to every element of the claim and that rises above the speculative level. *Aschcroft v. Iqbal*, 556 U.S. \_\_, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8 of the Federal Rules of Civil Procedure).

Here, Robbins explains that he posted his music on Myspace.com. (Doc. 1 at 3.) Artists who are presumably affiliated with defendant Def Jam, including Chris Brown, were his Myspace friends. (*Id.*) While he is unclear on the specifics, the fair inference from his claim is that defendant stole his music after hearing it on Myspace through the named affiliated artists and then illegally reproduced it.[3] (*Id.* at 4.) Based upon this illegal use of his music, he

---

[3] In its unedited form, the complaint reads:

3

asks for millions of dollars in damages. (*Id.* at 5.)

A copyright owner may, of course, seek relief at law from those who infringe his work. *See* 17 U.S.C. § 501, *et seq*. But he must first register the copyright.[4] 17 U.S.C. §§ 411 & 501. While holding a registration is not jurisdictional, it is still a precondition to suit. *See*

> :Criminal Reproduction: recorded Sounds and learics of Song and Concept of Song
>
> :defendant's involved: Julez Santana, Chirs Brown, and Def Jam Records
>
> Artists -> Julez Sntana and, Chirs Brown
>
> Def Jam, Julez Santana and Chirs Brown was added as a friend on my Myspace -> and had actsess to the recorded Music the music was thin Reproduction and put up for sale following a video aired on 106 and park I thin called Record label Def Jam to conferm the Reproduction and talked to Carla Holly from there legal department and she had a meeting and called me back and sayed the label is not gona pay for using my music I this told her Im gona su and thin she told me to do a formal demand I did the same day and called back later and she sayed they were gona have a talk with Julez Santana and ask him y he did that the label checked the song out and it's was tru fact the music was used and the label no's that and told me to do a <u>formal demand</u> and told me there still not gona pay, I also called more than 25 times to Settle in a Busniss Maner and they still don't wana pay and still have the music up for sale...

(Doc. 1 at 3-4.) While he describes the infringement as "criminal," any criminal infringement action is reserved to the appropriate prosecutorial authorities. Robbins may only seek a remedy for civil infringement here. Additionally, while he names "defendant's involved" he names only Def Jam Records as the defendant in the complaint's caption. (Doc. 1 at 1.)

---

[4] An artist's work enjoys certain copyright protection even without registration, but registration is a prerequisite to a civil infringement action. *See* 17 U.S.C. § 411. Alternatively, an artist may "preregister" his work, *id.*, if he fears that it will be infringed prior to its commercial release.

*Reed Elsevier, Inc. v. Muchnick*, ___ U.S. ___, 130 S. Ct. 1237, 1241-42 (2010); *see also Watkins v. Southeastern Newspapers, Inc.*, 163 F. App'x 823, 825 (11th Cir. 2006) (affirming dismissal of case at summary judgment stage where copyright office offered letter setting forth its finding that plaintiff did not possess a registered copyright in his work).

Here, Robbins has clearly failed to satisfy that requirement. Nowhere in his pleadings does he allege that he holds a registered copyright to his song. In a memorandum (doc. 29) filed along with a motion for summary judgment (doc. 28), however, Robbins notes that he intends to submit a proper copyright registration. (Doc. 29 at 16.) He also submitted paperwork showing that he applied for the registration on May 12, 2011, after receiving defendant's motion to dismiss. (*Id.* at 11.)

That is too little, too late. Again, a valid registration is a *precondition* to suit. 17 U.S.C. § 411 (subject to an irrelevant exception, "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." ). And even if late registration were permitted, it is well established that actual registration is *required*,

as opposed to filing a mere application for registration, which is all Robbins has done. *See* 9 CAUSES OF ACTION 2d 65 *Cause of Action for Copyright Infringement under the Federal Copyright Act of 1976, as Amended* § 31 (updated Sept. 2010) (to institute a cause of action for copyright infringement, the copyright *must* be registered with the Copyright Office; failure to do so is cause for dismissal). Robbins's failure to register the work prior to suit, and his failure to even allege registration in his pleadings, is fatal to his claim. *See Williams v. University of Georgia Athletic Dep't*, 2010 WL 5350170 at *3 (M.D. Ga. Nov. 24, 2010) (dismissing *pro se* complaint as frivolous where plaintiff failed to allege ownership of a valid copyright). Accordingly, his case should be **DISMISSED**.

Because this case is due to be dismissed, Robbins's motion for trial by jury (doc. 5),[5] motion to expedite (doc. 6), and motion to subpoena (doc. 19) are **DENIED**. His motion to amend (doc. 17) is also **DENIED**, since it adds new defendants but does not fix his lawsuit's fatal flaw. Robbins's motion for summary judgment (doc. 28) should also be

---

[5] His request for a jury trial is noted, but it is moot since the case is due to be dismissed.

**DENIED**, based upon the same analysis. Meanwhile, defendant's motion for relief from responding to plaintiff's motion for summary judgment is **GRANTED** (doc. 32), as is its request to stay discovery (doc. 15). It's motion for a hearing on its motion to dismiss (doc. 33), however, is **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this <u>9th</u> day of June, 2011.

*/s/ G.R. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**