FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2011 JUN 17 PM 12:09
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KELVIN J. ROBBINS,

    Plaintiff,

v.

THE ISLAND DEF JAM MUSIC GROUP,
A DIVISION OF UMG RECORDINGS,
INC.,

    Defendant.

CASE NO. CV410-208

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 34), to which objections have been filed (Docs. 38-41). However, the Court finds these objections to be without merit. After a careful de novo review, the Court concurs with the Magistrate Judge's Report and Recommendation, which is **ADOPTED** as the order of this Court.

After a thorough examination of the complaint and record, the Court concludes that the fatal deficiencies in Plaintiff's claims cannot be "remedied by a more carefully drafted complaint." Bell v. J.B. Hunt Transp., Inc., 2011 U.S. App. LEXIS 10290, at *7 (11th Cir. May 20, 2011) (unpublished) (applying this standard to dismissal of a pro se complaint for failure to state a claim, among other grounds). Therefore, the Court declines to allow this pro se Plaintiff leave to amend

before entering this dismissal. Bank v. Pitt, 928 F.2d 1108 (11th Cir. 2002) (en banc), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (partially replacing the rule of Bank only for plaintiffs represented by counsel); see also Bell, 2011 U.S. App. LEXIS 10290, at *5.

As an independent ground for dismissal of this case, Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. (Docs. 2-3.) A portion of that code section provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." Id. § 1915(e)(2)(B)(i). In the Eleventh Circuit, the standard for frivolity is satisfied "when it appears that the legal theories are indisputably meritless" or "without arguable merit either in law or fact." Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 860 (11th Cir. 2008) (citations and quotations omitted). As the Magistrate Judge has determined, Plaintiff's case suffers from a fatal defect (Doc. 34 at 4). This Court finds that this defect causes this case to be frivolous, as Plaintiff did not register the copyright prior to filing suit. 17 U.S.C. §§ 411, 501; see also Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1321 n.20 (11th Cir. 2010) ("A work must be registered with the Copyright Office before a party may institute a copyright

2

infringement action."); Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1232-33 (11th Cir. 2010) (requiring that a plaintiff "prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities" in a copyright infringement suit (emphasis added) (internal citations and quotations omitted)).

For the reasons above, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 17th day of June 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA